IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ERIC HOUSTON,

    Petitioner,

v.                                                                                                         No. 1:17-cv-01124-JDB-egb

MIKE PARRIS,

    Respondent.

ORDER DISMISSING AMENDED PETITION,
DENYING PENDING MOTIONS,
DIRECTING CLERK TO CLOSE CASE,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On June 29, 2017, Petitioner, Eric Houston, a Tennessee state prisoner, filed a petition under 28 U.S.C. § 2254 seeking habeas corpus relief (the "Petition"). (Docket Entry ("D.E.") 1.) On November 13, 2017, the Petition was dismissed for failure to state a claim. (D.E. 17.) The Court found that "the grounds for habeas relief [were] not discernable," as the Petition was illegible and incoherent. (*Id.* at PageID 93.) The Petition also was replete with "offensive language." (*Id.*) The Court allowed Houston twenty-eight days to file an amended petition to cure the defects. (*Id.* at PageID 93-94.) On November 29, 2017, the inmate timely filed an amended petition (D.E. 18) (the "Amended Petition"), which is before the Court for initial review. Also before the Court are his two motions for appointment of counsel (D.E. 4, 9), a motion entitled "Motion of Affidavit to Chief Judges" (D.E. 6), and two untitled motions (D.E. 14-15).

The Court determines that the Amended Petition must be dismissed and the motions denied. As with the initial pleading, the Court is unable to discern a claim for habeas relief in the Amended Petition. The text is mostly illegible and the allegations incoherent. Houston also persists in his use of offensive language. All of Petitioner's motions are likewise incoherent, illegible, and full of profanity.

Accordingly, the Amended Petition is DISMISSED without prejudice and without leave to replead, all pending motions are DENIED, and the Clerk of Court is DIRECTED to CLOSE the case.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); FED. R. APP. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). If the district court rejects a claim on a procedural ground, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478.

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Amended Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. FED. R. APP. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reasons it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.

IT IS SO ORDERED this 1st day of December 2017.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE